* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the *Page 2 
Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes with modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between plaintiff and Jones Bros., Inc., on March 21, 2001, and an employer-employee relationship existed between plaintiff and GLF Construction Corporation on July 30, 2003.
3. The carrier for Jones Bros., Inc., is Zurich North America. The carrier for GLF is Liberty Mutual Insurance Company.
4. Plaintiff had an average weekly wage of $764.80, which would result in a compensation rate of $509.87, while working for Jones Bros., Inc.
5. Plaintiff had an average weekly wage which would result in the maximum compensation rate of $674.00 when working for GLF.
6. Plaintiff sustained a compensable injury by accident to the right knee while working for Jones Bros., Inc., on March 21, 2001. That claim was accepted. Plaintiff had surgery on his right knee on April 14, 2004, and said surgery was paid for by Zurich.
7. Plaintiff sustained a compensable injury by accident to his left knee on July 30, 2003, while in the employment of GLF. Plaintiff underwent left knee surgery on October 9, 2003, and said surgery was paid for by Liberty Mutual and/or GLF. *Page 3 
8. Plaintiff had returned to work for GLF Construction at the time of the left knee injury at full duty with no restrictions.
9. Plaintiff was released at MMI with regard to the left knee with a 15% PPD rating and restrictions of no climbing, standing less than 30 minutes, and frequent position changes.
10. Plaintiff was released at MMI with respect to his right knee, with a 15% PPD rating as well as the same restrictions as those given for the left knee.
11. Plaintiff has been out of work since October 2, 2003. Since that date, defendants Liberty Mutual and/or GLF have paid plaintiff weekly TTD benefits of $674.00 per week. Defendants Jones Bros., Inc., and/or Zurich have not paid plaintiff any indemnity benefits during this period.
12. There has been no vocational rehabilitation in plaintiff's case and no Form 24 has ever been filed as of the date of hearing.
 * * * * * * * * * * * ISSUES
The parties presented the following issues at hearing before the Deputy Commissioner:
1. Plaintiff contends that the issue before the Commission according to the Form 33 and responsive documents filed in this case are the extent to which the defendants are liable for ongoing TTD benefits.
2. Defendants Jones Bros., Inc., and Zurich North America's issues for determination are:
 (a) Are Liberty Mutual Insurance Company and GLF liable for ongoing indemnity benefits; and
 (b) Has plaintiff met his burden of proving ongoing disability?. *Page 4 
3. Defendants GLF/Liberty Mutual's issues for determination are:
 (a) Are Liberty Mutual/GLF owed contribution of reimbursement by Jones Bros., Inc./Zurich for indemnity benefits paid to plaintiff since October 2, 2003, and if so, what amount;
 (b) Are Defendants Jones Bros., Inc., Zurich obligated to pay indemnity benefits to plaintiff in the future, and if so, in what amount; and
 (c) Has plaintiff met his burden of ongoing disability?
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 54 years old.
2. Plaintiff worked for Defendant Jones Bros., Inc., from May 2000 through April 2001. During his period of employment with Jones Bros., Inc., plaintiff had an average weekly wage of $764.80. Plaintiff sustained a compensable injury by accident to his right knee while working for Jones Bros., Inc., on March 21, 2001. When plaintiff left Jones Bros., Inc., in April 2001, he was at full duty without restrictions.
3. Plaintiff came to work for GLF in August 2001. Plaintiff's left knee injury was not caused by or contributed to by plaintiff's previous right knee injury.
4. Plaintiff was treated for both knee injuries by Dr. Michael Carter, an orthopaedist. Plaintiff's right knee surgery was delayed. *Page 5 
5. Plaintiff had surgery on his left knee on October 9, 2003, and surgery on his right knee on April 14, 2004.
6. Dr. Carter testified that, as of the date of his deposition, plaintiff's light duty restrictions had been the same since plaintiff's October 9, 2003 left knee surgery. Plaintiff's restrictions did not change after plaintiff's April 14, 2004 right knee surgery.
7. Plaintiff reached MMI with respect to his left knee on August 2, 2004, and reached MMI with respect to his right knee on September 13, 2004.
8. Plaintiff's permanent light-duty restrictions include no standing or walking for more than one hour, no climbing stairs or ladders, and no squatting or kneeling. The restrictions also indicate that Plaintiff would benefit from frequent changes of position. Dr. Carter testified that there was no difference in plaintiff's restrictions when comparing the left knee injury to the right knee injury. Dr. Carter also testified that plaintiff's impairment was equally due to his left and his right knees.
9. Plaintiff has 35 years of experience building houses and bridges. All of plaintiff's relevant work experience involves construction and heavy labor.
10. Plaintiff has a ninth grade education and has not received his GED. Although Plaintiff took courses at Cape Fear Community College, he did not complete the requirements to obtain his GED.
11. Plaintiff filled out job log sheets and indicated that he looked in the newspaper for work in the field of carpentry/construction. Plaintiff also testified that he talked with friends about possible carpentry jobs.
 12. Plaintiff did not contact the Employment Security Commission. *Page 6 
13. Plaintiff testified that he did not feel he could do any work either in or out of the carpentry field because of his injuries. Plaintiff did not seek work outside the field of carpentry.
14. Defendants retained the services of Vocational Rehabilitation Specialist Tina Bryant of Page Rehabilitation Services. Ms. Bryant has been a vocational rehabilitation specialist for nine and one-half years. Ms. Bryant performed a labor market survey based upon plaintiff's credentials and capabilities. She never interviewed the plaintiff, and her job search took a total of five hours to complete.
15. The jobs found by Ms. Bryant include a building supply manager with Millwork Specialties, which had a salary range of $40,000.00 to $60,000.00 a year and involved some sales; a dispatcher position with Lett's Taxi at $7.00 an hour; and a project estimator position that was listed with the Employment Security Commission.
16. Ms. Bryant also found nine other jobs that she believed would have been available to plaintiff had he either spent four to six weeks in a basic computer course or gone back to a community college to obtain his GED.
17. According to Ms. Bryant, all of the jobs outlined in her labor market survey were suitable to plaintiff's capacity. However, some of the job listings stated that "preferences" were given to those applicants who had certain experience in areas in which plaintiff lacked experience.
18. The Full Commission finds that Ms. Bryant's labor market survey was flawed based on the fact that Ms. Bryant never met plaintiff, and the fact that plaintiff has limited education, work experience, and physical restrictions. There is insufficient evidence that plaintiff would have been hired for any of these jobs had he applied for said jobs. The record shows that plaintiff is in his mid-50's, has no more than a ninth-grade education, has been unable to obtain a *Page 7 
GED, and his only work experience is in construction building bridges, which he cannot do now because of his physical restrictions. Based upon the plaintiff's age, limited education, work experience, and physical restrictions, the Full Commission finds that it would be futile for plaintiff to seek employment without proper vocational rehabilitation assistance.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. In order to meet the burden of proving disability, plaintiff must prove that he is incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages was caused by plaintiff's injury. Hilliard v. ApexCabinet Co., 305 N.C. 593, 290 S.E.2d 682 (1982). An employee may show disability by producing evidence that he is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment. Demery v. PerdueFarms, Inc., 143 N.C. App. 259, 545 S.E.2d 485 (2001); Russell v. LowesProduct Distribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993). Plaintiff in the present matter is in his mid-50's, has no more than a ninth-grade education, has been unable to obtain a GED, and his only work experience is in construction building bridges, which he cannot do now because of his physical restrictions. Thus, plaintiff has shown that it would be futile for him to seek employment without proper vocational rehabilitation assistance because of his age, limited education, work experience, and physical restrictions. Id.
2. Plaintiff is entitled to continuing temporary total disability compensation until further order of the Commission, due to his continuing disability. N.C. Gen. Stat. § 97-29. *Page 8 
Plaintiff currently retains identical work restrictions with respect to both knees, and to the extent that plaintiff suffers any disability from work, such disability is equally attributable to plaintiff's right and left knee injuries. Equity dictates that both defendants are equally liable for the payment of plaintiff's TTD benefits; however, the Full Commission finds that defendants Jones Bros., Inc. and Zurich would be prejudiced by paying half of plaintiff's compensation at the higher rate that is attributable to plaintiff's employment with GLF. Thus, defendants Jones Bros., Inc. and Zurich shall pay compensation to plaintiff at a weekly rate of $254.94 (half of $509.87) and defendant GLF and Liberty Mutual shall pay the remaining weekly rate of $419.06, so that plaintiff receives the maximum weekly compensation rate of $674.00, which he is due.
3. Each Defendant is responsible for medical treatment incurred or to be incurred by plaintiff as the result of each compensable injury by accident. Defendants Jones Bros., Inc. and Zurich shall be responsible for medical treatment of the right knee, and defendants GLF and Liberty Mutual shall be responsible for medical treatment of the left knee. N.C. Gen. Stat. § § 97-2(19) and 97-25.
4. Although the labor market survey prepared by Vocational Rehabilitation Specialist Tina Bryant of Page Rehabilitation Services was flawed, defendants may continue to provide vocational rehabilitation services to plaintiff. N.C. Gen. Stat. § 97-25. Plaintiff is directed to comply with such services. Id.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD *Page 9 
1. Defendants Jones Bros., Inc. and Zurich shall pay temporary total disability compensation to plaintiff at a weekly rate of $254.94 (half of $509.87) and defendant GLF and Liberty Mutual shall pay the remaining weekly rate of $419.06, so that plaintiff receives the maximum weekly compensation rate of $674.00, which he is due, until further order of the Commission, subject to the attorney's fee provided herein.
2. Defendants Jones Bros., Inc., and Zurich shall reimburse defendants GLF and Liberty Mutual $254.94 for each week of compensation that GLF and Liberty Mutual paid to plaintiff up to the entry of this Opinion and Award. Said amount is to be paid in a lump sum.
3. Each Defendant shall provide medical treatment incurred or to be incurred by plaintiff as the result of each compensable injury by accident. Defendants Jones Bros., Inc., and Zurich shall be responsible for medical treatment of the right knee, and defendants GLF and Liberty Mutual shall be responsible for medical treatment of the left knee.
4. Defendants may continue to provide vocational rehabilitation services to plaintiff, and plaintiff is directed to comply with such services.
5. Defendants shall pay to directly to plaintiff's counsel a reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation awarded to plaintiff herein.
6. The Defendants shall both be equally responsible for the costs of this action, including an expert witness fee of $600.00 to Dr. Michael Carter and $350.00 to Tina Bryant if not previously paid.
This 26th day of March 2006.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 CONCURRING: *Page 10 
S/_______________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/_______________ DANNY LEE McDONALD COMMISSIONER